IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No.

YSIDRO LONGORIA,

Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,

C.O. LUCERO, in her individual capacity and as an employee of CCA,

C.O. Unit 1 JOHN DOE 1, in his individual capacity and as an employee of CCA,

C.O Unit 1 JOHN DOE 2, in his individual capacity and as an employee of CCA,

Chief C.O. JOHN DOE 3, in his individual capacity and as an employee of CCA,

C.O. Unit 3 JOHN DOE 4, in his individual capacity and as an employee of CCA, and

C.O. Unit 1 JOHN DOE 5, in his individual capacity and as an employee of CCA,

Defendants.

_____

**COMPLAINT**

_____

Plaintiff Ysidro Longoria, through counsel, states:

**PARTIES, JURISDICTION AND VENUE**

1. At all material times, Plaintiff Ysidro Longoria was an inmate at the Crowley County Correctional Facility (CCCF).

1

2. Sometime after the beating complained of herein, Mr. Longoria was transferred and continues to serve his prison sentence at the Arkansas Valley Correctional Facility in Ordway, Colorado.

3. Mr. Longoria has an estimated mandatory release date of July 2, 2015.

4. Defendant, Corrections Corporation of America (hereafter "CCA"), is a private prison corporation, with a registered agent for service of process at the Corporation Company, Denver, Colorado.

5. At all material times, Defendant CCA operated Crowley County Correctional Facility, CCCF.

6. At all material times, Defendants Lucero and John Does 1 through 5 were employees of Defendant CCA, at CCCF, employed as individuals with responsibility, among other things, to maintain proper constitutional standards and inmate safety in the Crowley County Correctional Facility.

7. Jurisdiction in this Court is premised on Mr. Longoria's claim that the defendants violated his civil rights, contrary to 42 U.S.C. §1983, presenting a federal question.

## GENERAL ALLEGATIONS

8. Mr. Longoria incorporates paragraphs 1-7 as if set forth fully herein.

9. Mr. Longoria was imprisoned for a sexual offenses and was labeled a "sex offender".

10. On February 13, 2013, an inmate named Franco Manuel brutally attacked Mr. Longoria after Mr. Longoria told guards on duty that he had been threatened by Mr. Manuel on the very day of and in short proximity to the time of the attack.

11. Specifically, on February 13, 2013, inmate Manuel approached Mr. Longoria in Unit 1-B of the CCCF.

12. Inmate Manuel asked to speak with Mr. Longoria in his (Longoria's) cell alone, which invitation Mr. Longoria refused.

13. Inmate Manuel then began to call Mr. Longoria any number of names all relating to sexual offenders.

14. Inmate Manuel continued to harass and threaten Mr. Longoria in various ways after which Mr. Longoria sought out Defendant corrections officer Ms. Lucero, who was not immediately available. But, there was another corrections officer near by, a male, (Defendant C.O. Unit 1 John Doe 1) with whom Mr. Longoria spoke. Another corrections officer (Defendant Unit 1 C.O. John Doe 2) was also present nearby and Mr. Longoria spoke with that person and explained exactly that inmate Manuel was pursuing and threatening Mr. Longoria with bodily harm.

15. At that point, Defendants C.O. Unit 1 John Doe 1 and C.O. Unit 1 John Doe 2 called inmate Manuel and instructed him to speak with Defendant Chief Corrections Officer John Doe 3.

16. At this point, either Defendant C.O. John Doe 1 or Defendant C.O. John Doe 2 instructed Mr. Longoria to pack his belongings and sent him over to Unit 3, which Mr. Longoria did.

17. In Unit 3, some other inmates intimidated Mr. Longoria and threatened him saying that he could not stay in Unit 3.

18. Soon thereafter, Mr. Longoria went into the office of Unit 3 and related all this to the guard there, Defendant Unit 3 C.O John Doe 4.

19. At that point, Defendant Chief C.O. John Doe 3 said to Defendant C.O. Unit 3 John Doe 4, that Mr. Longoria would have to go back to his unit (Unit 1) or take a write up and go to the hole,

like all victims or with the rest of the victims or words to that effect.

20. Mr. Longoria explained to Defendant C.O. John Doe 4 and to Defendant Chief C.O. John Doe 3 what was going on, that he was being threatened by inmate Manuel and possibly others.

21. Given the choices presented by Defendants, Chief C.O. John Doe 3 and Defendant John Doe 4, Mr. Longoria chose to go back to Unit 1 so he would not get a write up.

22. When Mr. Longoria went back to Unit 1, he took his belongings with him and went up the stairs to his cell, which required more than one trip up and down the stairs. When he entered his cell with all of his belongings he saw inmate Manuel in his cell at which time inmate Manuel attacked Mr. Longoria with a weapon of some sort. Mr. Longoria tried unsuccessfully to get the weapon from inmate Manuel, who proceeded to beat Mr. Longoria repeatedly on his head, back, arms, and face.

23. While this assault was occurring, one of the Defendant C.O.s, either Unit 1 John Doe 1, or Unit 1 John Doe 2, or another Defendant, Unit 1 John Doe 5, was doing his rounds and noticed blood on the floor and saw that Mr. Longoria was full of blood, and that Mr. Longoria was dazed and told Mr. Longoria to sit on the stairs and wait for medical assistance to arrive.

24. Soon thereafter, Mr. Longoria spoke to investigator Champell.

25. While being interviewed by investigator Champell, Mr. Longoria overheard one of the corrections officers, either C.O. Unit 1, John Doe 5, or another one of Defendants C.O. John Does 1-4, say to inmate Manuel that the assault was that C.O's fault.

26. Thereafter the case was treated as an assault with a deadly weapon.

27. The case was prosecuted by the Office of the District Attorney for the Sixteenth Judicial District in People v. Manuel, 2013 CR 13. Inmate Manuel entered a plea of guilty to menacing in

violation of Secs. 18-3-206(1)(a) and 18-2-201, C.R.S. 2000, as amended.

28.  As a result of the injuries suffered from the attack, Mr. Longoria required seven (7) stitches to his head, received bruises on his back and other injuries.

29.  Mr. Longoria continues to suffer severe head aches and other residual pain and suffering as a result of the assault.

30.  Mr. Longoria's beating was a direct result of Defendants' gross negligence and/or reckless disregard and/or deliberate indifference for Mr. Longoria's safety and/or the failure of CCA and its agents and/or employees to properly protect Mr. Longoria's safety.

31. Defendant CCA failed to properly train and supervise Defendants Ms. Lucero and John Does 1 through 5.

32. Defendants Lucero, John Does 1 through 5 and other agents of Defendant CCA were acting under the color of state law just before and during the assault of Mr. Longoria in that they were performing governmental functions in thier individual capacity as an employees of Defendant CCA.

33. Defendants CCA, Ms. Lucero and John Does 10 through 5 acted with deliberate indifference to deprive Mr. Longoria of his right to be free from cruel and unusual punishment contrary to the protections of the Eighth Amendment to the United States Constitution.

34. As a result of Defendants' actions and failures to act, Mr. Longoria suffered damages and should be compensated consistent with proof of trial.

WHEREFORE, Mr. Longoria seeks damages in an amount to be proven at trial.

**FIRST CLAIM FOR RELIEF**
**(DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983**
**Violation of Plaintiff's Fifth and Eighth Amendment Rights)**

35. Mr. Longoria incorporates paragraphs 1-34 as if set forth fully herein.

36. Defendants were acting under color of law because they were acting in their governmental capacity as corrections officers at CCCF and/or operator/manager of CCCF.

37. Defendants deprived Mr. Longoria of certain rights guaranteed by the fifth and eighth amendments to the United States Constitution, in violation of 42 U.S.C.§1983, by among other things, subjecting Mr. Longoria to deliberately indifferent behavior leading to cruel and unusual punishment and failing to protect his physical safety from known threats and threats made known to Defendants.

38. Defendants Ms. Lucero and John Does 1 through 5 were deliberately indifferent to Mr. Longoria's physical and emotional safety, and/or with reckless disregard for Mr. Longoria's physical and emotional health, acted in a way that allowed Mr. Longoria to be assaulted by inmate Manuel.

39. The individual Defendants subjected Mr. Longoria to serious risk of harm, and dangerous force, which did occur, in a situation that was not authorized by the written policies and procedures of the CCCF. or the Colorado Department of Corrections, and which violated Mr. Longoria's constitutional rights.

40. The actions and failures of Defendants caused physical and emotional damages to Mr. Longoria, in violation of Mr. Longoria's constitutional rights to be free of cruel and unusual punishment and other constitutional violations.

41. Defendant CCA failed to adequately supervise and train the individual Defendants

in proper methods and procedures regarding the identification of inmate threats and protection of inmates subjected to threats by other inmates.

42. Defendants are liable to Mr. Longoria in an amount to be determined at trial for damages, and attorney fees and costs as allowed by 42 U.S.C. §§1983 and 1988.

WHEREFORE, the plaintiff Mr. Longoria seeks damages against the defendants in an amount to be proved at trial and, for attorney fees and costs, pursuant to 42 U.S.C. §§1983 and 1988.

## SECOND CLAIM FOR RELIEF
## (NEGLIGENCE)

43. Mr. Longoria incorporates paragraphs 1 through 42 as if set forth fully herein.

44 . CCCF is a private corrections facility contracted by the State of Colorado and operated by Defendant CCA.

45. At all material times, Mr. Longoria was incarcerated at CCCF.

46. All Defendants owed a duty to Mr. Longoria to protect him from risk of harm.

47. Defendants breached their duty of care to Mr. Longoria.

48. Defendant CCA owed a duty to Mr. Longoria to properly train and educate the individual Defendants regarding proper procedures to insure safety and the manners and ways and means to protect prisoners from harm from other prisoners.

49. Defendant CCA breached that duty of care to Mr. Longoria by failing to properly train and educate the individual Defendants.

50. Defendants' negligence was the proximate cause of Mr. Longoria's injuries, damages, and losses.

51. Mr. Longoria suffered and continues to suffer physical pain and suffering, mental anguish, and loss of quality of life and medical expenses as a proximate result of Defendants' negligence.

WHEREFORE, Mr. Longoria seeks damages to be proved at trial.

WHEREFORE, Plaintiff Ysidro Longoria seeks economic and non-economic damages in an amount to be determined a trial for past and future damages and for the loss of his quality of life and for emotional distress. Further, Mr. Longoria seeks damages as allowed pursuant to 42 U.S.C. §§1983 and 1988, for his damages and for attorney fees and costs and for any and all other relief this Court deems just and proper.

PLAINTIFF REQUESTS A TRIAL BY JURY

RESPECTFULLY SUBMITTED,

THE LAW OFFICES OF DAVID C. JAPHA, P.C.

S/ David C. Japha

_____
by David C. Japha
950 South Cherry Street, Ste. 912
Denver, CO 80246
(303) 964-9500
Fax: 1-866- 260-7454
email: davidjapha@japhalaw.com
Attorney for the Plaintiff Ysidro Longoria
The plaintiff's address: c/o David C. Japha, Atty at Law
The Law Offices of David C. Japha, P.C.
950 S. Cherry Street, Ste. 912
Denver, CO 80246
(303) 964-9500