IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00302-PAB-MJW

YSIDRO LONGORIA,

      Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
CORRECTIONS OFFICER (C.O.) DENNIS KASTELIC, in his individually capacity and as an employee of CCA,
C.O. GLENDA LUCERO, in her individual capacity and as an employee of CCA,
C.O. LINDA BRADFORD, in her individual capacity and as an employee of CCA,
C.O. BRANDON FLOREZ, in his individual capacity and as an employee of CCA,
C.O. ANTHONY ROMERO, in his individual capacity and as an employee of CCA,
C.O. ROSEANN JARAMILLO, in her individual capacity and as an employee of CCA,
C.O. TIFFANY MAREZ, in her individual capacity and as an employee of CCA,
C.O DAVID LAMBERT, in his individual capacity and as an employee of CCA,
C.O. STEVE MEDINA, in his individual capacity and as an employee of CCA,
C.O. CHIEF JOHN DOE 1, in his individual capacity and as an employee of CCA,

      Defendants.

---

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL FROM DEFENDANTS CORRECTIONS CORPORATION OF AMERICA, DENNIS KASTELIC, GLENDA LUCERO, BRANDON FLOREZ, ANTHONY ROMERO, ROSEANN JARAMILLO, TIFFANY MAREZ, DAVID LAMBERT AND STEVE MEDINA**

---

      Defendants Corrections Corporation of America, Dennis Kastelic, Glenda Lucero, Brandon Florez, Anthony Romero, Roseann Jaramillo, Tiffany Marez, David Lambert and Steve Medina, by and through their counsel, Andrew D. Ringel, Esq., of Hall & Evans, L.L.C., hereby respectfully submit this Answer to Plaintiff's Amended Complaint and Demand for Jury Trial, as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Defendants Corrections Corporation of America, Dennis Kastelic, Glenda Lucero, Brandon Florez, Anthony Romero, Roseann Jaramillo, Tiffany Marez, David Lambert and Steve Medina ("Defendants") admit Plaintiff Ysidro Longoria was previously incarcerated at the Crowley County Correctional Facility ("CCCF"). Defendants deny all of the remaining allegations contained in paragraph 1 of Plaintiff's Amended Complaint.

2.      Defendants admit Plaintiff is presently incarcerated at Arkansas Valley Correctional Facility ("AVCF").   Defendants deny all of the remaining allegations contained in paragraph 2 of Plaintiff's Amended Complaint.

3.      Defendants are without sufficient knowledge or information as to the truth of the allegations contained in paragraph 3 of Plaintiff's Amended Complaint and therefore deny same.

4.      Defendants admit Corrections Corporation of America ("CCA") is a private corporation that owns and operates prisons in the United States. Defendants admit CCA has a registered agent for service of process in Denver, Colorado. Defendants deny all of the remaining allegations contained in paragraph 4 of Plaintiff's Amended Complaint.

5.      Defendants admit CCA operates CCCF and operated CCCF during the time Plaintiff was incarcerated at CCCF. Defendants deny all of the remaining allegations contained in paragraph 5 of Plaintiff's Amended Complaint.

6.      Defendants admit Dennis Kastelic, Glenda Lucero, Linda Bradford, Brandon Florez, Anthony Romero, Roseann Jaramillo, Tiffany Marez, David Lambert and Steve Medina were employed by CCA and worked at CCCF during at least some of the

2

time Plaintiff was incarcerated at CCCF.  Defendants state any constitutional or common law duty on the Defendants represents a question of law and does not require a response from the Defendants.  To any extent a response is required of Defendants, all such allegations are denied.  Defendants deny all of the remaining allegations contained in paragraph 6 of Plaintiff's Amended Complaint.

7.      Defendants admit this Court possesses subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  Defendants deny all of the remaining allegations contained in paragraph 7 of Plaintiff's Amended Complaint

## GENERAL ALLEGATIONS

8.      Defendants incorporate by reference all of their responses to paragraphs 1-7 above as their response to the allegations contained in paragraph 8 of Plaintiff's Amended Complaint.

9.      Defendants admit upon information and belief that Plaintiff was convicted of a sexual offense and imprisoned as a result of that conviction.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 9 of Plaintiff's Amended Complaint and therefore deny same.

10.      Defendants admit Plaintiff was assaulted by an inmate named Franco Manuel on February 13, 2013.  Defendants deny all of the remaining allegations contained in paragraph 10 of Plaintiff's Amended Complaint.

11.     Defendants admit Plaintiff was assaulted by Mr. Manuel on February 13, 2013, in Unit 1, B Pod of CCCF.  Defendants deny all of the remaining allegations contained in paragraph 11 of Plaintiff's Amended Complaint.

12.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Amended Complaint and therefore deny same.

13.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Amended Complaint and therefore deny same.

14.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Amended Complaint and therefore deny same.

15.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Amended Complaint and therefore deny same.

16.     Defendants deny all of the allegations contained in paragraph 16 of Plaintiff's Amended Complaint.

17.     Defendants deny all of the allegations contained in paragraph 17 of Plaintiff's Amended Complaint.

18.     Defendants deny all of the allegations contained in paragraph 18 of Plaintiff's Amended Complaint.

19.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Amended Complaint.

20.     Defendants deny all of the allegations contained in paragraph 20 of Plaintiff's Amended Complaint.

21.     Defendants deny all of the allegations contained in paragraph 21 of Plaintiff's Amended Complaint.

22.     Defendants deny all of the allegations contained in paragraph 22 of Plaintiff's Amended Complaint.

23.     Defendants deny all of the allegations contained in paragraph 23 of Plaintiff's Amended Complaint.

24.     Defendants deny all of the allegations contained in paragraph 24 of Plaintiff's Amended Complaint.

25.     Defendants admit Plaintiff was assaulted by Mr. Manuel on February 13, 2013.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 25 of Plaintiff's Amended Complaint and therefore deny same.

26.     Defendants admit Plaintiff was assaulted by Mr. Manuel on February 13, 2013.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 26 of Plaintiff's Amended Complaint and therefore deny same.

27.     Defendants admit that Defendant Linda Bradford noticed Plaintiff stumbling down the stairs in Unit 1, B Pod of CCCF, approached the Plaintiff, noticed the Plaintiff's head was full of blood, told the Plaintiff to sit down on the stairs, and summoned a medical response.  Defendants deny all of the remaining allegations contained in paragraph 27 of Plaintiff's Amended Complaint.

28.     Defendants admit Plaintiff spoke to investigators after the assault on February 13, 2013.  Defendants deny all of the remaining allegations contained in paragraph 28 of Plaintiff's Amended Complaint.

29.     Defendants deny all of the allegations contained in paragraph 29 of Plaintiff's Amended Complaint.

30.     Defendants admit Mr. Manuel's assault on the Plaintiff was criminally prosecuted as a felony assault by the District Attorney for the Sixteenth Judicial District. Defendants deny all of the remaining allegations contained in paragraph 31 of Plaintiff's Amended Complaint.

31.     Defendants admit Mr. Manuel's assault on the Plaintiff was criminally prosecuted as a felony assault by the District Attorney for the Sixteenth Judicial District. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 31 of Plaintiff's Amended Complaint and therefore deny same.

32.     Defendants state the Plaintiff's medical records in their entirety speak for themselves.  Defendants deny all of the allegations contained in paragraph 32 of Plaintiff's

6

Amended Complaint inconsistent therewith.   Defendants deny all of the remaining allegations contained in paragraph 32 of Plaintiff's Amended Complaint.

33.     Defendants state the Plaintiff's medical records in their entirety speak for themselves. Defendants deny all of the allegations contained in paragraph 33 of Plaintiff's Amended Complaint inconsistent therewith.   Defendants deny all of the remaining allegations contained in paragraph 33 of Plaintiff's Amended Complaint.

34.     Defendants deny all of the remaining allegations contained in paragraph 34 of Plaintiff's Amended Complaint.

35.     Defendants deny all of the remaining allegations contained in paragraph 35 of Plaintiff's Amended Complaint.

36.     Defendants admit Defendants Dennis Kastelic, Glenda Lucero, Linda Bradford, Brandon Florez, Anthony Romero, Roseann Jaramillo, Tiffany Marez, David Lambert and Steve Medina as employees of CCA generally act under color of state law within the scope of their employment with CCA.   Defendants deny all of the remaining allegations contained in paragraph 36 of Plaintiff's Amended Complaint.

37.     Defendants deny all of the allegations contained in paragraph 37 of Plaintiff's Amended Complaint.

38.     Defendants deny all of the allegations contained in paragraph 38 of Plaintiff's Amended Complaint.

Defendants deny all of the allegations following the word "Wherefore" on page 6 of Plaintiff's Amended Complaint and that the Plaintiff is entitled to any of the relief requested in the Plaintiff's Amended Complaint.

## FIRST CLAIM FOR RELIEF
### (Deprivation of Civil Rights in Violation of 42 U.S.C. § 1983
### Violation of Plaintiff's Fifth and Eighth Amendment Rights)

39.     Defendants incorporate by reference all of their responses to paragraphs 1-38 above as their response to the allegations contained in paragraph 39 of Plaintiff's Amended Complaint.

40.     Defendants admit Defendants Dennis Kastelic, Glenda Lucero, Linda Bradford, Brandon Florez, Anthony Romero, Roseann Jaramillo, Tiffany Marez, David Lambert and Steve Medina as employees of CCA generally act under color of state law within the scope of their employment with CCA.  Defendants deny all of the remaining allegations contained in paragraph 40 of Plaintiff's Amended Complaint.

41.     Defendants deny all of the allegations contained in paragraph 41 of Plaintiff's Amended Complaint.

42.     Defendants deny all of the allegations contained in paragraph 42 of Plaintiff's Amended Complaint.

43.     Defendants deny all of the allegations contained in paragraph 43 of Plaintiff's Amended Complaint.

44.     Defendants deny all of the allegations contained in paragraph 44 of Plaintiff's Amended Complaint.

45.     Defendants deny all of the allegations contained in paragraph 45 of Plaintiff's Amended Complaint.

46.     Defendants deny all of the allegations contained in paragraph 46 of Plaintiff's Amended Complaint.

Defendants deny all of the allegations following the word "Wherefore" on page 7 of Plaintiff's Amended Complaint and that the Plaintiff is entitled to any of the relief requested in the Plaintiff's Amended Complaint.

## SECOND CLAIM FOR RELIEF
### (Negligence)

47.     Defendants incorporate by reference all of their responses to paragraphs 1-46 above as their response to the allegations contained in paragraph 47 of Plaintiff's Amended Complaint.

48.     Defendants admit CCA contracts to operate CCCF with the State of Colorado and that CCCF is a private correctional facility.  Defendants deny all of the remaining allegations contained in paragraph 48 of Plaintiff's Amended Complaint.

49.     Defendants admit Plaintiff was previously incarcerated at CCCF. Defendants deny all of the remaining allegations contained in paragraph 49 of Plaintiff's Amended Complaint.

50.     Defendants state the question of whether the Defendants owed Plaintiff a legal duty is a question of law and therefore requires no response from the Defendants. To any extent a response is required, all such allegations are denied.  Defendants deny all of the remaining allegations contained in paragraph 50 of Plaintiff's Amended Complaint.

51.     Defendants deny all of the allegations contained in paragraph 51 of Plaintiff's Amended Complaint.

52.     Defendants deny all of the allegations contained in paragraph 52 of Plaintiff's Amended Complaint.

53.     Defendants deny all of the allegations contained in paragraph 53 of Plaintiff's Amended Complaint.

54.     Defendants deny all of the allegations contained in paragraph 54 of Plaintiff's Amended Complaint.

55.     Defendants deny all of the allegations contained in paragraph 55 of Plaintiff's Amended Complaint.

Defendants deny all of the allegations following the first word "Wherefore" on page 8 of Plaintiff's Amended Complaint and that the Plaintiff is entitled to any of the relief requested in the Plaintiff's Amended Complaint.

## PRAYER FOR RELIEF

Defendants deny all of the allegations following the second word "Wherefore" on page 8 of Plaintiff's Amended Complaint or that the Plaintiff is entitled to any of the damages alleged or sought in the Plaintiff's Amended Complaint.

## GENERAL DENIAL

Defendants deny each and every allegation contained in Plaintiff's Amended Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.     Plaintiff's Amended Complaint fails to state a claim upon which any relief may be granted against the Defendants.

2.     All or part of Plaintiff's claims do not rise to the level of constitutional violations, sufficient to state a claim upon which relief may be granted.

3.     Defendants' actions were taken for legitimate, nondiscriminatory penological purposes.

4.     The injuries and damages sustained by Plaintiff, in whole or in part, were proximately caused by his own acts or omissions and/or the acts or omissions of third parties over whom the Defendants have no control or right of control.

5.     Plaintiff has failed to mitigate his damages, if any, as required by law.

6.     Defendants never breached any duty owed Plaintiff at any time in the course of his incarceration.

7.     At all times pertinent herein, Defendants acted in accordance with all common law, statutory, regulatory, policy, and constitutional obligations and without any intent to cause Plaintiff any harm.

8.     The Fifth Amendment to the United States Constitution is inapplicable to any of the Plaintiff's claims and the Plaintiff's status as a state prisoner.

9.     Some or all of the Plaintiff's claims are barred and/or limited by the Prison Litigation Reform Act, 42 U.S.C. §§ 1997e *et seq.*

10.    Some or all of the Plaintiff's claims are barred and/or limited by C.R.S. § 13-17.5-102.3.

11.    Plaintiff is not entitled to any of the relief sought in the Amended Complaint under any of the theories asserted.

12.    Defendant Corrections Corporation of America may not be held liable on the basis of any vicarious liability or respondeat superior theory for any alleged violation of the United States Constitution.

13.     Some or all of Plaintiff's claims against Defendants Dennis Kastelic, Glenda Lucero, Brandon Florez, Anthony Romero, Roseann Jaramillo, Tiffany Marez, David Lambert and Steve Medina fail for a lack of personal participation.

14.     Plaintiff was deprived of no well-settled liberty or property interest and he was afforded all the rights, privileges and immunities guaranteed by the Constitution and no constitutionally protected interested is impugned in relation to any claim of Plaintiff.

15.     Defendants' conduct was, at all times, lawful, justified, and privileged and any actions complained of by Plaintiff in relation to the Defendants were justified by penological reasons.

16.     Plaintiff's injuries and damages, if any, were either pre-existing or not aggravated by any action or omission of or by Defendants, nor were they proximately caused by or related to any act or omission of Defendants.

17.     Plaintiff's claim for non-economic damages, if any, is subject to the limitations set forth in C.R.S. § 13-21-102.5.

18.     Plaintiff's damages, if any, may be subject to offset by virtue of amounts received from other sources pursuant to C.R.S. § 13-21-111.6 and otherwise as provided by law.

19.     Plaintiff was negligent or contributorily negligent and his comparative negligence equals or exceeds the negligence or liability, if any, of the Defendants, and therefore bars or reduces Plaintiff's recovery as provided by law.

20.     Defendants specifically reserves the right to amend their Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become non-applicable upon completion of additional discovery.

WHEREFORE, having answered the allegations contained in the Plaintiff's Amended Complaint in full, Defendants Corrections Corporation of America, Dennis Kastelic, Glenda Lucero, Brandon Florez, Anthony Romero, Roseann Jaramillo, Tiffany Marez, David Lambert and Steve Medina move the Court for entry of an Order dismissing all elements of all claims against them in complete and total fashion, awarding them costs and attorney's fees, and ordering such other and further relief as the Court deems proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Defendants hereby demands a trial by jury on all issues so triable.

Dated this 18th day of March, 2015.

Respectfully submitted,

s/ Andrew D. Ringel

Andrew D. Ringel, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Telephone:   (303) 628-3300
Facsimile:    (303) 628-3368
Email: ringela@hallevans.com

**ATTORNEYS FOR DEFENDANTS
CORRECTIONS CORPORATION OF
AMERICA, GLENDA LUCERO,
BRANDON FLOREZ, ANTHONY
ROMERO, ROSEANN ROMERO,
TIFFANY MAREZ, DAVID LAMBERT
AND STEVE MEDINA,**

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on the 18th day of March, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David C. Japha
davidjapha@japhalaw.com

Rachel A. Morris, Esq.
rmorris@wrhlaw.com

William A. Rogers, III, Esq.
wrogers@wrhlaw.com

s/ Nicole Marion, Legal Assistant to
Andrew D. Ringel, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Telephone:   (303) 628-3300
Facsimile:    (303) 628-3368
Email: ringela@hallevans.com

**ATTORNEYS FOR DEFENDANTS CORRECTIONS CORPORATION OF AMERICA, GLENDA LUCERO, BRANDON FLOREZ, ANTHONY ROMERO, ROSEANN ROMERO, TIFFANY MAREZ, DAVID LAMBERT AND STEVE MEDINA**

\\HALLX3400\Lssdocuments\00000550\00597219.000.DOCX