IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15- CV-00302- PAB MJW

YSIDRO LONGORIA,

Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,

CORRECTIONS OFFICER (C.O.) DENNIS KASTELIC, in his individual capacity and as an employee of CCA,

C.O. GLENDA LUCERO, in her individual capacity and as an employee of CCA,
C.O. LINDA BRADFORD, in her individual capacity and as an employee of CCA,
C.O. BRANDON FLOREZ, in his individual capacity and as an employee of CCA,
C.O. ANTHONY ROMERO, in his individual capacity and as an employee of CCA,
C.O. ROSEANN JARAMILLO, in her individual capacity and as an employee of CCA,
C.O. TIFFANY MAREZ, in her individual capacity and as an employee of CCA,
C.O. DAVID LAMBERT, in his individual capacity and as an employee of CCA,
C.O. STEVE MEDINA, in his individual capacity and as an employee of CCA
C.O. CHIEF JOHN DOE 1, in his individual capacity and as an employee of CCA,
Defendants.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

DATE: APRIL 16, 2015, TIME: 2:30 P.M., COURTROOM: A-501.

David C. Japha, appearing for Plaintiff, 950 South Cherry Street Suite 912

Denver, CO 80246, (303) 964-9500.

Andrew D. Ringel and Edmund M. Kennedy, appearing for all Defendants except Linda

Bradford, Hall & Evans LLC, 1001 17th Street, Suite 300, Denver, CO 80202, (303) 628-3300.

William A. Rogers, III, and Rachel Ann Morris, appearing for Defendant Linda Bradford, Wood, Ris & Hames, P.C., 1775 Sherman Street, Suite 1600, Denver, CO 80203, (303) 863-7700

## 2. STATEMENT OF JURISDICTION

Jurisdiction in this Court is premised on Mr. Longoria's claim that Defendants violated his civil rights, contrary to 42 U.S.C. §1983, presenting a federal question. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

## 3. STATEMENT OF CLAIMS AND DEFENSES

**Plaintiff**: In keeping with the Court's directive that the parties state their claims succinctly, Mr. Longoria is giving a shortened version of the allegations in the Amended Complaint. By doing so, he does intend to waive or strike any of the allegations set forth in the Amended Complaint.

Mr. Longoria claims the following: On February 13, 2013, as an inmate at the Crowley County Correctional Facility (CCCF), he was assaulted by inmate Franco Manuel, who brutally attacked Mr. Longoia. Defendant, Corrections Corporation of America (hereafter "CCA"), is a private prison corporation, which operated CCCF during the time of and relevant time period before Mr. Longoria was assaulted. At the time of and relevant time period before Mr. Longoria was assaulted, the individually named defendants including John Doe, were employees of Defendant CCA, at CCCF. They were employed as individuals with responsibility, among other things, to maintain proper constitutional standards and inmate safety in the Crowley County Correctional Facility. Mr. Longoria was known as a sexual offender both to some inmates and to staff.

Mr. Longoria alleges that inmate Manuel assaulted him in Unit 1, B Pod of the CCCF soon after Mr. Longoria informed one, some or all of the individually named Defendants and/or

other employees of Defendant CCA inmate Manuel had threatened him.   One, some or all of the Defendants moved Mr. Longoria to Unit 3 out of Unit 1, but when he got there he was again threatened.   He again informed one, some or all of the Defendants of this threat.   One of the named Defendants, either Defendant Captain Dennis Kastelic or another of the individual Defendants said to another of the named Defendants, that Mr. Longoria would have to go back to his unit (Unit 1) or be disciplined with an administrative report ("write up") and go to administrative segregation ("the hole"), like all victims or with the rest of the victims or words to that effect.   Given the choices presented by Defendants, Captain Kastelic or Chief C.O. John Doe 1 and possibly other Defendants, Mr. Longoria chose to go back to Unit 1 so he would not be disciplined.

Just after Mr. Longoria returned to his cell in Unit 1, inmate Manuel assaulted him. While being interviewed by investigator Claspell Mr. Longoria overheard one of the individually Defendants, say to inmate Manuel that the assault was that Defendant C.O's fault. Thereafter the case was treated as an assault with a deadly weapon.   The case was prosecuted by the Office of the District Attorney for the Sixteenth Judicial District in *People v. Manuel*, 2013 CR 13. Inmate Manuel entered a plea of guilty to menacing in violation of Secs. 18-3-206(1)(a) and 18-2-201, C.R.S. 2000, as amended.

As a result of the injuries suffered from the attack, Mr. Longoria required seven (7) stitches to his head, received bruises on his back and other injuries, including but not limited to post traumatic stress syndrome. Mr. Longoria continues to suffer severe head aches and other residual pain and suffering as a result of the assault.

3

Mr. Longoria alleges that his beating was a direct result of Defendants' gross negligence and/or reckless disregard and/or deliberate indifference for Mr. Longoria's safety and/or the failure of CCA and its agents and/or employees to properly protect Mr. Longoria's safety. Defendant CCA failed to properly train and supervise the individually named Defendants. The individually named Defendants and other agents of Defendant CCA were acting under the color of state law just before and during the assault of Mr. Longoria in that they were performing governmental functions in thier individual capacity as employees of Defendant CCA.

Defendants CCA, and the individually named Defendants acted with deliberate indifference to deprive Mr. Longoria of his right to be free from cruel and unusual punishment contrary to the protections of the Eighth Amendment to the United States Constitution. As a result of Defendants' actions and failures to act, Mr. Longoria suffered damages and should be compensated consistent with proof of trial.

Based on the foregoing allegations, Mr. Longoria has brought claims for relief for deprivation of his civil rights protected by the eighth amendment to the United States Constitution, in violation of 42 U.S.C. § 1983 and for negligence. Mr. Longoria seeks damages for the injuries he suffered and continues to suffer, which are physical pain and suffering, mental anguish, including post traumatic stress syndrome and loss of quality of life and medical expenses.

**Defendants Corrections Corporation of America, Dennis Kastelic, Glenda Lucero, Brandon Florez, Anthony Romero, Roseann Jaramillo, Tiffany Marez, David Lambert and Steve Medina:** These Defendants deny they violated Plaintiff's constitutional or common law

4

rights in any respect whatsoever. These Defendants also deny they caused any of the Plaintiff's alleged damages.

As defenses and affirmative defenses, these Defendants assert the following: (1) Plaintiff's Amended Complaint fails to state a claim upon which any relief may be granted against the Defendants; (2) All or part of Plaintiff's claims do not rise to the level of constitutional violations, sufficient to state a claim upon which relief may be granted; (3) Defendants' actions were taken for legitimate, nondiscriminatory penological purposes; (4) The injuries and damages sustained by Plaintiff, in whole or in part, were proximately caused by his own acts or omissions and/or the acts or omissions of third parties over whom the Defendants have no control or right of control; (5) Plaintiff has failed to mitigate his damages, if any, as required by law; (6) Defendants never breached any duty owed Plaintiff at any time in the course of his incarceration; (7) At all times pertinent herein, Defendants acted in accordance with all common law, statutory, regulatory, policy, and constitutional obligations and without any intent to cause Plaintiff any harm; (8) The Fifth Amendment to the United States Constitution is inapplicable to any of the Plaintiff's claims and the Plaintiff's status as a state prisoner; (9) Some or all of the Plaintiff's claims are barred and/or limited by the Prison Litigation Reform Act, 42 U.S.C. §§ 1997e *et seq.*; (10) Some or all of the Plaintiff's claims are barred and/or limited by C.R.S. § 13-17.5-102.3; (11) Plaintiff is not entitled to any of the relief sought in the Amended Complaint under any of the theories asserted; (12) Defendant Corrections Corporation of America may not be held liable on the basis of any vicarious liability or respondeat superior theory for any alleged violation of the United States Constitution; (13) Some or all of Plaintiff's claims against Defendants Dennis Kastelic, Glenda Lucero, Brandon Florez, Anthony Romero,

5

Roseann Jaramillo, Tiffany Marez, David Lambert and Steve Medina fail for a lack of personal participation; (14) Plaintiff was deprived of no well-settled liberty or property interest and he was afforded all the rights, privileges and immunities guaranteed by the Constitution and no constitutionally protected interested is impugned in relation to any claim of Plaintiff; (15) Defendants' conduct was, at all times, lawful, justified, and privileged and any actions complained of by Plaintiff in relation to the Defendants were justified by penological reasons; (16) Plaintiff's injuries and damages, if any, were either pre-existing or not aggravated by any action or omission of or by Defendants, nor were they proximately caused by or related to any act or omission of Defendants; (17) Plaintiff's claim for non-economic damages, if any, is subject to the limitations set forth in C.R.S. § 13-21-102.5; (18) Plaintiff's damages, if any, may be subject to offset by virtue of amounts received from other sources pursuant to C.R.S. § 13-21-111.6 and otherwise as provided by law; and (19) Plaintiff was negligent or contributorily negligent and his comparative negligence equals or exceeds the negligence or liability, if any, of the Defendants, and therefore bars or reduces Plaintiff's recovery as provided by law.

**Defendant Bradford:**

Defendant Bradford was only recently served with a copy of the Complaint in this action. Her responsive pleading is due May 15, 2015. Ms. Bradford will respond to each allegation in the Complaint at that time, and will likewise assert all appropriate affirmative defenses. Until that time, Ms. Bradford generally denies she has violated Plaintiff's rights in any way or breached any duty of care owed to him, and denies that Plaintiff incurred any damages as the result of her action or inaction.

6

## 4. UNDISPUTED FACTS

1.   Plaintiff Ysidro Longoria was previously incarcerated at the Crowley County Correctional Facility (CCCF).

2.   Mr. Longoria is presently incarcerated at the Arkansas Valley Correctional Facility in Ordway, Colorado.

3.   Defendant Corrections Corporation of America (hereafter "CCA"), is a private prison corporation that own and operates private prisons within the United States.

4.   Defendant CCA operates CCCF and did so while Mr. Longoria was incarcerated there.

5.   Defendants Dennis Kastelic, Glenda Lucero, Linda Bradford, Brandon Florez, Anthony Romero, Roseann Jaramillo, Tiffany Marez, David Lambert and Steve Medina were employed by CCA and worked at CCCF during at least some of the time Mr. Longoria was incarcerated at CCCF.

6.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

7.   Mr. Longoria was convicted of a sexual offense and was imprisoned as a result of that conviction.

8.   Mr. Manuel was prosecuted for assault against Mr. Longoria in the Sixteenth Judicial District.

## 5. COMPUTATION OF DAMAGES

**Plaintiff**: Mr. Longoria seeks damages pursuant to 28 USC § 1983 in an amount to be determined at trial.  Mr. Longoria seeks payment of attorneys fees and costs pursuant to 28 USC

§1988.  Mr. Longoria is seeking damages for loss of enjoyment of life; pain and suffering; embarrassment and long term debilitation.  Mr. Longoria suffered a closed-head injury and so some of his damages and injuries are still not yet known.

Mr. Longoria has sued for negligence in addition to the 1983 claims and will seek consequential damages naturally flowing from any liability.

**Defendants**: Defendants do not seek any damages in this case other than fees and costs recoverable by the prevailing party pursuant to applicable federal and Colorado law.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED R CIV P 26(f)

**a. Date of rule 26(f) meeting**: April 7, 2015 at 10:00 a.m. by telephone.

**b.  Names of each participant and party represented**:  David C. Japha representing Plaintiff; Andrew D. Ringel representing all Defendants except for Linda Bradford, represented by Rachel A. Morris.

**c.  Proposed changes, if any, in timing or requirement of disclosures under Fed R Civ P 26(a)(1):**  The parties plan to exchange disclosures on April 16, 2015.

**d.   Statement as to when rule 26 disclosures were or will be made:** Rule 26 disclosures will be made on or before **April 16, 2015**.

**e. Statement concerning any agreements to conduct informal discovery:** The parties will consider engaging in as much informal discovery as is practical given the necessity to properly preserve discussions and other documents.  The parties will consider joint interviews with potential witnesses or joint meetings with clients to discuss settlement, or exchanging

document outside of formal discovery.  Names of witnesses to be interviewed formally are not known yet.

   **f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified numbering system:** The parties are willing to make the efforts to use a unified system where possible.

   **g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. In those cases, the parties must indicate what steps they have taken or will take to (i) preserve electronically stored information; (ii) facilitate discovery of electronically stored information;(iii) limit associated discovery costs and delay; and (iv) avoid discovery disputes relating to electronic discovery.  Describe any agreements the parties have reached for asserting claims of privilege or of protection as trial- preparation materials after production of computer-generated records:** The parties have agreed that Plaintiff and Defendants will work together to determine the admissible electronic information that might be available, and in what format that information is available. The parties also have agreed to work cooperatively toward producing all such relevant data in a mutually agreeable format.

   **h.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:** The parties have discussed this issue and have agreed that before any discovery has been undertaken (whether formal or informal), meaningful settlement discussions will be of little value.

## 7. CONSENT

Neither Plaintiff nor Defendants consent to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

**a. Modifications which any party proposes to the presumptive numbers of depositions** *15 Fact Depositions Per*

**or interrogatories contained in the Federal Rules.** ~~As set forth in section 9 below.~~ *side plus the experts. 30 Interrogatories Per Side*

**b. Limitations which any party proposes on the length of depositions.** None, other than

the limitations already in place regarding length of depositions under the Federal Rules of Civil

Procedure. *7 Hours Per Deponent.*

**c. Limitations which any party proposes on the number of requests for production**

**and/or requests for admission.** ~~None~~ *25 each Per Side.*

**d. Other Planning or Discovery Orders.** The Court has already entered a Protective

Order which was previously agreed upon by the parties.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: **June 16, 2015**

b. Discovery Cut-off: **December 4, 2015**

c. Dispositive Motion Deadline: **January 15, 2016**

d. Expert Witness Disclosure:

(1)  State anticipated fields of expert testimony, if any:  Penal procedures; medical

doctors; psychologists; psychiatrists.

(2)  State any limitations proposed on the use or number of expert witnesses.

The parties have agreed to limit the number to 5 for each side inclusive of treating health care

providers of the Plaintiff.

10

(3) The party bearing the burden of persuasion on the issues for which expert opinion is to be offered shall designate the expert and provide opposing counsel with all information specified in Fed.R.Civ.P. 26(a)(2) on or before **September 18, 2015.**

(4) The parties shall designate all rebuttal and contradicting experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **October 19, 2015**.

(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e. Identification of persons to be deposed

Plaintiff, Defendants; Representative of CCA;

f. Deadline for Interrogatories: ~~All interrogatories must be served by 33 days prior to the discovery cutoff date.~~ Served by October 3, 2015

g. Deadline Requests for Production of Documents and Requests for Admission: ~~All requests for production of documents and requests for admission must be served by 33 days prior to the discovery cut-off.~~ Served by October 3, 2015

**10. DATES FOR FURTHER CONFERENCES:**

a. Status conferences will be held in this case at the following dates and times: Status Conference None set

b. A final pretrial conference will be held in this case on March 15, 2016 at __ o'clock A .m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING ISSUES:

a.  There are no other issues on which counsel were unable to reach an agreement.   *None*

b.  Anticipated length of trial:  7 days to a jury.

c.   There are no pretrial proceedings that the parties believe may be more efficiently or economically conducted in the District Court's facilities outside of Denver.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any motion for withdrawal, motion for substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

12

DATED this ___16 TH___ day of April, 2015

BY THE COURT:

_Signature_

The Honorable Michael J. Watanabe
United States Magistrate Judge

APPROVED:

s/ David C. Japha
David C. Japha, Attorney at Law
The Law Offices of David C. Japha, P.C.
950 South Cherry Street, Ste. 912
Denver, CO 80246
(303) 964-9500
davidjapha@japhalaw.com
Attorney for Plaintiff

s/ Andrew D. Ringel
Andrew D. Ringel, Esq.
Edmund M. Kennedy, Esq.
Hall & Evans LLC,
1001 Seventeenth Street, Suite 300
Denver, CO 80202
(303) 628-3300
ringela@hallevans.com
kennedye@hallevans.com
    Attorneys for Defendants Corrections Corporation of America, Glenda Lucero, Brandon Florez, Anthony Romero, Roseann Jaramillo, Tiffany Marez, David Lambert and Steve Medina

s/Rachel A. Morris
William A. Rogers, III, Esq.
Rachel A. Morris, Esq.
Wood, Ris & Hames, P.C.
1775 Sherman Street, Suite 1600
Denver, CO 80203
Telephone: (303) 863-7700
Facsimile: (303) 830-8772
E-mail: wrogers@wrhlaw.com
rmorris@wrhlaw.com

13