**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  15-CV-302-GPG

YSIDRO LONGORIA,

Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
CORRECTIONS OFFICER (C.O.) DENNIS KASTELIC, in his individual capacity and as an employee of CCA,
C.O. GLENDA LUCERO, in her individual capacity and as an employee of CCA,
C.O. LINDA BRADFORD, in her individual capacity and as an employee of CCA,
C.O. BRANDON FLOREZ, in his individual capacity and as an employee of CCA,
C.O. ANTHONY ROMERO, in his individual capacity and as an employee of CCA,
C.O. ROSEANN JARAMILLO, in her individual capacity and as an employee of CCA,
C.O. TIFFANY MAREZ, in her individual capacity and as an employee of CCA,
C.O. DAVID LAMBERT, in his individual capacity and as an employee of CCA,
C.O. STEVE MEDINA, in his individual capacity and as an employee of CCA,
C.O. CHIEF JOHN DOE I, in his individual capacity and as an employee of CCA,

Defendants.

---

**DEFENDANT LINDA BRADFORDS'S ANSWER AND JURY DEMAND TO PLAINTIFF'S AMENDED COMPLAINT**

---

Defendant, Linda Bradford, by and through her counsel, Wood, Ris & Hames, P.C., states as her Answer and Jury Demand to Plaintiff's Amended Complaint the following:

**RESPONSE TO PARTIES, JURISDICTION AND VENUE**

1-3.  Defendant admits that at some point in time Plaintiff Ysidro Longoria was an inmate at the Crowley County Correctional Facility.  Defendant is without knowledge to form a belief as to the remaining allegations contained in paragraph 1 - 3 of Plaintiff's Amended Complaint and therefore denies the same.

4. Defendant admits that Corrections Corporation of America is a private prison corporation. Defendant is without knowledge sufficient to form a belief as to the remaining allegations contained in paragraph 4 of Plaintiff's Amended Complaint and therefore denies the same.

5. Defendant admits that at some point Defendant CCA operated the Crowley County Correctional Facility. Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 5 of Plaintiff's Amended Complaint and therefore denies the same.

6. Defendant admits that she was an employee of Defendant CCA, and worked at CCCF as a correctional officer during at least some of the time Plaintiff was incarcerated at CCCF. Defendant is without information sufficient to form a belief as to the truth of any allegations regarding other individual's employment status and job responsibilities, and therefore denies the same. Whether Defendants were required to "maintain proper constitutional standards and inmate safety" is a statement of law and does not require a response. To the extent it does require a response, this statement is denied. Defendant denies all remaining allegations contained in paragraph 6 of Plaintiff's Amended Complaint.

7. Defendant does not challenge the jurisdiction of the Court at this time. Defendant denies all remaining allegations contained in paragraph 7.

## RESPONSE TO GENERAL ALLEGATIONS

8. Defendant incorporates her responses to paragraphs 1 – 7 of Plaintiff's Amended Complaint above as if fully set forth herein.

9. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Amended Complaint and therefore denies the same.

10. Defendant admits that Plaintiff was assaulted on February 13, 2013 by Franco Manuel while incarcerated at Crowley County Correctional Facility. Defendant is without knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 of Plaintiff's Amended Complaint and therefore denies the same.

11. Defendant admits that at some point Plaintiff was assaulted in Unit 1, B Pod at Crowley County Correctional Facility. Defendant denies that she was ever informed that Plaintiff had been threatened by another inmate. Defendant is without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 11 of Plaintiff's Amended Complaint and therefore denies the same.

12-15. Defendant is without information sufficient to form a belief as to the truth of the allegations contained in paragraphs 12 – 15 of Plaintiff's Amended Complaint and therefore denies the same.

16-18. Defendant denies the allegations contained in paragraphs 16 – 18 of Plaintiff's Amended Complaint as they pertain to her. As to the remaining allegations contained in paragraphs 16 – 18 of Plaintiff's Amended Complaint, this Defendant is without sufficient knowledge to form a belief as to the truth of the allegations contained in these paragraphs.

19. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of Plaintiff's Amended Complaint and therefore denies the same.

20-23.  Defendant denies the allegations contained in paragraphs 20 – 23 of Plaintiff's Amended Complaint as they pertain to her.  As to the remaining allegations, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 20 – 23 of Plaintiff's Amended Complaint and therefore denies the same.

24-26.  Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 24 - 26 of Plaintiff's Amended Complaint and therefore denies the same.

27.  Defendant denies that she observed any ongoing assault of Plaintiff.  Defendant admits that she encountered Plaintiff who appeared to be injured while she was doing rounds.  Defendant admits that she called for medical assistance.  Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27 of Plaintiff's Amended Complaint and therefore denies the same.

28.  Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of Plaintiff's Amended Complaint and therefore denies the same.

29.  Defendant denies the allegations contained in paragraph 29 of Plaintiff's Amended Complaint as they pertain to her.  As to the remaining allegations contained in paragraph 29 of Plaintiff's Amended Complaint, Defendant is without information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

30-31. Defendant is without knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 30-31 of Plaintiff's Amended Complaint and therefore denies the same.

32-33.   Defendant states that Plaintiff's medical records in their entirety speak for themselves.  Defendant denies all allegations contained in paragraphs 32 - 33 of Plaintiff's Amended Complaint that are inconsistent with such medical records.  Defendant denies all remaining allegations contained in paragraphs 32 – 33 of Plaintiff's Amended Complaint.

34. Defendant denies all allegations contained in paragraph 34 of Plaintiff's Amended Complaint as those allegations pertain to her.  As to the remaining allegations contained in paragraph 34 of Plaintiff's Amended Complaint, Defendant is without information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

35.   Paragraph 35 of Plaintiff's Amended Complaint states allegations against other Defendants, therefore no response from this Defendant is required.  To the extent a response is required, Defendant denies all such allegations.

36.   Paragraph 36 of Plaintiff's Amended Complaint is a statement of law to which no response is required.  To the extent a response is required, Defendant denies all such allegations against her.

37-38.   Defendant denies the allegations contained in paragraphs 37 – 38 of Plaintiff's Amended Complaint as those allegations pertain to her.  As to the remaining allegations contained in paragraphs 37 – 38 of Plaintiff's Amended Complaint, Defendant is without information to form a belief as to the truth of those allegations and therefore denies the same.

In response to the Wherefore clause on page 6 of Plaintiff's Amended Complaint, Defendant denies Plaintiff is entitled to any damages.

## RESPONSE TO FIRST CLAIM FOR RELIEF
### (Deprivation of Civil Rights in Violation of 42 USC § 1983 Violation of Plaintiff's Fifth and Eighth Amendment Rights)

39. Defendant incorporates her responses to paragraphs 1 – 38 of Plaintiff's Amended Complaint above as if fully set forth herein.

40. Paragraph 40 of Plaintiff's Amended Complaint is a statement of law to which no response is required. To the extent a response is required, Defendant denies all such allegations against her.

41-46. Defendant denies all allegations contained in paragraphs 41 – 46 of Plaintiff's Amended Complaint as those allegations pertain to her. Defendant is without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraphs 41 – 46 of Plaintiff's Amended Complaint as they may pertain to other Defendants, and therefore denies the same.

In response to the Wherefore clause on page 7 of Plaintiff's Amended Complaint, Defendant denies that Plaintiff is entitled to any damages, attorneys fees or costs.

## RESPONSE TO SECOND CLAIM FOR RELIEF
### (Negligence)

47. Defendant incorporates her responses to paragraphs 1 – 46 of Plaintiff's Amended Complaint above as if fully set forth herein.

48. Defendant admits, upon information and belief, that CCCF is a private corrections facility and operated by Defendant CCA. Defendant is without information sufficient to form a belief as to the remaining allegations contained in paragraph 48 of Plaintiff's Amended Complaint and therefore denies the same.

6

49. Defendant admits that at some point, Plaintiff was incarcerated at CCCF. Defendant is without information sufficient to form a belief as to the remaining allegations contained in paragraph 49 of Plaintiff's Amended Complaint and therefore denies the same.

50. Paragraph 50 of Plaintiff's Amended Complaint is a statement of law to which no response is required. To the extent a response is required, Defendant denies all such allegations against her.

51. Defendant denies all allegations contained in paragraph 51 of Plaintiff's Amended Complaint to the extent those allegations are directed at her. As to the remaining allegations, Defendant is without information sufficient to form a belief as to the truth of those allegations and therefore denies the same.

52-53. Paragraphs 52 – 53 of Plaintiff's Amended Complaint state allegations against other Defendants, therefore no response from this Defendant is required. To the extent a response is required, Defendant denies all such allegations.

54-55. Defendant denies all allegations contained in paragraph 54 – 55 of Plaintiff's Amended Complaint to the extent those allegations are directed at her. As to the remaining allegations contained in paragraphs 54 – 55 of Plaintiff's Amended Complaint, Defendant is without knowledge sufficient to form a belief as to the truth of those allegations and therefore denies the same.

Defendant denies all allegations in the Wherefore clauses located on Page 8 of Plaintiff's Amended Complaint and denies that Plaintiff is entitled to any damages.

## GENERAL DENIAL

Defendant denies all allegations not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Amended Complaint fails to state a claim upon which any relief may be granted.

2. Plaintiff's claims do not achieve the level of any constitutional violations sufficient to state a claim under 42 U.S.C. § 1983.

3. Actions taken by this Defendant, if any, in relation to Plaintiff were taken in good faith and for legitimate reasons and did not violate any regulatory, statutory, common law or other legal provision of any kind. Any and all interaction between Plaintiff and this Defendant were accomplished in accordance with applicable regulations and requirements.

4. Plaintiff's claims are barred, limited or controlled by applicable provisions of the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

5. All or part of Plaintiff's claims are barred, limited or controlled by Plaintiff's failure to pursue or succeed in pursuing a complaint through the process made available to him under the available policies or procedures of CCA, the Colorado Department of Corrections or applicable statutes, as well as to satisfy other applicable jurisdictional and administrative prerequisites to suit, including deadlines.

6. Some or all of Plaintiff's claims against this Defendant fail for lack of personal participation.

7. Plaintiff has failed to mitigate his injuries and damages, if any.

8. Defendants are entitled to a set off for payments Plaintiff has received from collateral sources pursuant to C.R.S. § 13-21-111.6.

9. Plaintiff's non-economic losses, if any, are limited by the provisions of C.R.S. § 13-21-102.5.

10. Plaintiff's alleged injuries and damages may have been caused by a preceding, superseding, or intervening cause, event or condition.

11. The injuries and damages allegedly sustained by Plaintiff were proximately caused by the sole or comparative negligence of Plaintiff and any damages must be reduced or barred pursuant to C.R.S. § 13-21-111.

12. Some or all of Plaintiff's damages, if any, resulted from the conduct of third parties over whom Defendant had no control nor right to control, and thus the liability of Defendant, if any, is limited to the degree of negligence or fault attributable to her pursuant to C.R.S. § 13-21-111.5.

13. Defendant incorporates by this reference all applicable defenses and affirmative defenses asserted by any other Defendant in this action.

14. Defendant reserves the right to amend this Answer to include such other affirmative defenses as may be supported by the evidence.

Respectfully submitted this 14th day of May, 2015.

                                                WOOD, RIS & HAMES, P.C.

                                                /s/ Rachel A. Morris
                                              William A. Rogers, III
                                              Rachel A. Morris
                                              1775 Sherman Street, #1600
                                              Denver, CO  80203-4313
                                              Telephone: (303) 863-7700
                                              Fax:  (303) 830-8772
                                              Emails:  wrogers@wrhlaw.com
                                              rmorris@wrhlaw.com

                                              *Attorneys for Defendant Linda Bradford*

**CERTIFICATE OF SERVICE**

   I hereby certify that on the 14th day of May, 2015, a true and correct copy of the foregoing DEFENDANT LINDA BRADFORDS'S ANSWER AND JURY DEMAND TO PLAINTIFF'S AMENDED COMPLAINT was filed with the Clerk of Court using CM/ECF, and notification of such filing to the following parties of record:

David C. Japha
The Law Offices of David C. Japha, P.C.
950 South Cherry Street, Suite 912
Denver, CO  80246
davidjapha@japhalaw.com
*Attorneys for Plaintiff*

Andrew D. Ringel, Esq.
Edmund M. Kennedy, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
ringela@hallevans.com
kennedye@hallevans.com
*Attorneys for Defendants Corrections Corporation of America, Glenda Lucero, Brandon Florez, Anthony Romero, Roseann Romero, Tiffany Marez, and Steve Medina*

11