IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15 CV 302 GPG MJW

YSIDRO LONGORIA,

Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,

CORRECTIONS OFFICER (C.O.) DENNIS KASTELIC, in his individual capacity and as an employee of CCA,

C.O. G. CARDENAS, in his individual capacity and as an employee of CCA,

C.O. MATTHEW DOTTER, in his individual capacity and as an employee of CCA,

C.O. ANDRES LOPEZ, in his individual capacity and as an employee of CCA,

C.O. GLENDA LUCERO, in her individual capacity and as an employee of CCA,

C.O. LINDA BRADFORD, in her individual capacity and as an employee of CCA,

C.O. BRANDON FLOREZ, in his individual capacity and as an employee of CCA,

C.O. ANTHONY ROMERO, in his individual capacity and as an employee of CCA,

C.O. ROSEANN JARAMILLO, in her individual capacity and as an employee of CCA,

C.O. TIFFANY MAREZ, in her individual capacity and as an employee of CCA,

C.O. DAVID LAMBERT, in his individual capacity and as an employee of CCA,

C.O. STEVE MEDINA, in his individual capacity and as an employee of CCA

C.O. CHIEF LISA FELLHAUER, in her individual capacity and as employee of CCA,

Defendants.

_____

## SECOND AMENDED COMPLAINT
_____

Plaintiff Ysidro Longoria, through counsel, states:

### PARTIES, JURISDICTION AND VENUE

1. At all material times, Plaintiff Ysidro Longoria was an inmate at the Crowley County Correctional Facility (CCCF).

2. Sometime after the beating complained of herein, Mr. Longoria was transferred to and continued to serve his prison sentence at the Arkansas Valley Correctional Facility in Ordway, Colorado.

3. Thereafter, Mr. Longoria was released from the custody of the Colorado Department of Corrections and is serving a County Jail sentence in the Pueblo County Jail, Pueblo, Colorado.

4. Mr. Longoria has an estimated mandatory release date of late, 2015 or early, 2016.

5. Defendant, Corrections Corporation of America (hereafter "CCA"), is a private prison corporation, with a registered agent for service of process at the Corporation Company, Denver, Colorado.

6. At all material times, Defendant CCA operated Crowley County Correctional Facility, CCCF.

7. At all material times, the individual Defendants named above were employees of Defendant CCA, at CCCF, employed as individuals with responsibility, among other things, to maintain proper constitutional standards and inmate safety in the Crowley County Correctional Facility.

8. Jurisdiction in this Court is premised on Mr. Longoria's claim that the defendants violated his civil rights, contrary to 42 U.S.C. §1983, presenting a federal question.

## GENERAL ALLEGATIONS

9. Mr. Longoria incorporates paragraphs 1-8 as if set forth fully herein.

10. Mr. Longoria was imprisoned for a sexual offenses and was labeled a "sex offender".

11. Sometime after noon on February 13, 2013, an inmate named Franco Manuel brutally attacked Mr. Longoria.

12. The assault occurred in Unit 1, B Pod of the CCCF soon after Mr. Longoria told one, some or all of the individually named Defendants and/or other employees of Defendant CCA inmate Manuel had threatened him.

13. Specifically, sometime after noon on February 13, 2013, inmate Manuel approached Mr. Longoria in Unit 1-B of the CCCF.

14. Inmate Manuel asked to speak with Mr. Longoria in his (Longoria's) cell alone, which invitation Mr. Longoria refused.

15. Inmate Manuel then began to call Mr. Longoria any number of names all relating to sexual offenders.

16. Inmate Manuel continued to harass and threaten Mr. Longoria in various ways after which Mr. Longoria sought out Defendant corrections officer Glenda Lucero, who was not immediately available.

17. Either Defendant Anthony Romero or Defendant David Lambert, or both of them, was and/or were also present nearby and Mr. Longoria informed either one or both of those C.O.s exactly that inmate Manuel was pursuing and threatening Mr. Longoria with bodily harm.

18. On information and belief, at that point, two of the individually named Defendants either Defendants Medina or Lambert, or both, called inmate Manuel and instructed him to speak with either Defendant Chief Corrections Officer Captain Dennis Kastelic or Defendant Chief Corrections Officer Lisa Fellhauer.

19. At this point, one or two of the individually named Defendants, who could have been either Defendant Medina and/or Defendant Lambert instructed Mr. Longoria to pack his belongings and sent him over to Unit 3, where Mr. Longoria went.

20. In Unit 3, some other inmates intimidated Mr. Longoria and threatened him saying that he could not stay in Unit 3.

21. Soon thereafter, Mr. Longoria went into the office of Unit 3 and related all this to a guard there, one of the named Defendants, Defendant Anthony Romero or Defendant G. Cardenas or Defendant Andres Lopez.

22. On information and belief, at that point, and in the presence of Mr. Longoria, either Defendant Chief Lisa Fellhauer or another of the individual Defendants said to another of the named Defendants, Anthony Romero, that Mr. Longoria would have to go back to his unit (Unit 1) or be disciplined with an administrative report ("write up") and go to administrative segregation ("the hole"), like all victims or with the rest of the victims or words to that effect.

23. Mr. Longoria explained to Defendants in Unit 3, including Defendant Romero, but also possibly Defendants Lopez and Cardenas, why he was scared and what was going on, that he was being threatened by inmate Manuel and possibly others.

24. Given the choices presented by Defendants Captain Kastelic and/or Chief Fellhauer and possibly other Defendants, including Defendants Romero, Lopez, Dotter and Cardenas, Mr. Longoria

chose to go back to Unit 1 so he would not be disciplined.

25. On his way back to Unit 1, Defendant Officer Lopez, who was aware of the threats against Mr. Longoria, pulled Mr. Longoria into a small room or closet and told Mr. Longoria that he, Mr. Longoria, would have to handle the matter, or words to that effect.

26. When Mr. Longoria went back to Unit 1, he took his belongings with him and went up the stairs to his cell, which required more than one trip up and down the stairs.

27. When he entered his cell with all of his belongings he saw inmate Manuel in his cell at which time inmate Manuel attacked Mr. Longoria with a weapon of some sort.

28. Mr. Longoria tried unsuccessfully to get the weapon from inmate Manuel, who proceeded to beat Mr. Longoria repeatedly on his head, back, arms, and face.

29. While this assault was occurring, one of the Defendant C.O.s, on information and belief, Defendant Corrections Officer Linda Bradford was doing rounds and noticed blood on the floor and saw that Mr. Longoria was full of blood, and that Mr. Longoria was dazed and told Mr. Longoria to sit on the stairs and wait for medical assistance to arrive.

30. Soon thereafter, Mr. Longoria spoke to investigator William Claspell.

31. While being interviewed by investigator Claspell Mr. Longoria overheard one of the individually Defendants, say to inmate Manuel that the assault was that Defendant C.O's fault.

32. Thereafter the case was treated as an assault with a deadly weapon.

33. The case was prosecuted by the Office of the District Attorney for the Sixteenth Judicial District in *People v. Manuel*, 2013 CR 13. Inmate Manuel entered a plea of guilty to menacing in violation of Secs. 18-3-206(1)(a) and 18-2-201, C.R.S. 2000, as amended.

34. As a result of the injuries suffered from the attack, Mr. Longoria required seven (7)

stitches to his head, received bruises on his back and other injuries, including but not limited to post traumatic stress syndrome.

35. Mr. Longoria continues to suffer severe head aches and other residual pain and suffering as a result of the assault.

36. Mr. Longoria's beating was a direct result of Defendants' gross negligence and/or reckless disregard and/or deliberate indifference for Mr. Longoria's safety and/or the failure of CCA and its agents and/or employees to properly protect Mr. Longoria's safety.

37. Defendant CCA failed to properly train and supervise the individually named Defendants.

38. The individually named Defendants and other agents of Defendant CCA were acting under the color of state law just before and during the assault of Mr. Longoria in that they were performing governmental functions in thier individual capacity as employees of Defendant CCA.

39. Defendants CCA, and the individually named Defendants acted with deliberate indifference to deprive Mr. Longoria of his right to be free from cruel and unusual punishment contrary to the protections of the Eighth Amendment to the United States Constitution.

40. As a result of Defendants' actions and failures to act, Mr. Longoria suffered damages and should be compensated consistent with proof of trial.

WHEREFORE, Mr. Longoria seeks damages in an amount to be proven at trial.

### FIRST CLAIM FOR RELIEF
### (DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983
### Violation of Plaintiff's Fifth and Eighth Amendment Rights)

41. Mr. Longoria incorporates paragraphs 1-40 as if set forth fully herein.

42. The individually named Defendants were acting under color of law because they were acting in their governmental capacity as corrections officers at CCCF and/or operator/manager of CCCF.

43. The individually named Defendants deprived Mr. Longoria of certain rights guaranteed by the fifth and eighth amendments to the United States Constitution, in violation of 42 U.S.C.§1983, by among other things, subjecting Mr. Longoria to deliberately indifferent behavior leading to cruel and unusual punishment and failing to protect his physical safety from known threats and threats made known to Defendants.

44. Defendants were deliberately indifferent to Mr. Longoria's physical and emotional safety, and/or with reckless disregard for Mr. Longoria's physical and emotional health, acted in a way that allowed Mr. Longoria to be assaulted by inmate Manuel.

45. Defendants subjected Mr. Longoria to serious risk of harm, and dangerous force, which did occur, in a situation that was not authorized by the written policies and procedures of the CCCF. or the Colorado Department of Corrections, and which violated Mr. Longoria's constitutional rights.

46. The actions and failures of Defendants caused physical and emotional damages to Mr. Longoria, in violation of Mr. Longoria's constitutional rights to be free of cruel and unusual punishment and other constitutional violations.

47. Defendant CCA failed to adequately supervise and train the individually named Defendants in proper methods and procedures regarding the identification of inmate threats

and protection of inmates subjected to threats by other inmates.

48. Defendants are liable to Mr. Longoria in an amount to be determined at trial for damages, and attorney fees and costs as allowed by 42 U.S.C. §§1983 and 1988.

WHEREFORE, the plaintiff Mr. Longoria seeks damages against the defendants in an amount to be proved at trial and, for attorney fees and costs, pursuant to 42 U.S.C. §§1983 and 1988.

## SECOND CLAIM FOR RELIEF
## (NEGLIGENCE)

49. Mr. Longoria incorporates paragraphs 1 through 48 as if set forth fully herein.

50 . CCCF is a private corrections facility contracted by the State of Colorado and operated by Defendant CCA.

51.  At all material times, Mr. Longoria was incarcerated at CCCF.

52.  All Defendants owed a duty to Mr. Longoria to protect him from risk of harm.

53.  Defendants breached their duty of care to Mr. Longoria.

54.  Defendant CCA owed a duty to Mr. Longoria to properly train and educate the individually named Defendants regarding proper procedures to insure safety and the manners and ways and means to protect prisoners from harm from other prisoners.

55.  Defendant CCA breached that duty of care to Mr. Longoria by failing to properly train and educate the individually named Defendants.

56.  Defendants' negligence was the proximate cause of Mr. Longoria's injuries, damages, and losses.

57.  Mr. Longoria suffered and continues to suffer physical pain and suffering, mental

anguish, including post traumatic stress syndrome and loss of quality of life and medical expenses as a proximate result of Defendants' negligence.

WHEREFORE, Mr. Longoria seeks damages to be proved at trial.

WHEREFORE, Plaintiff Ysidro Longoria seeks economic and non-economic damages in an amount to be determined a trial for past and future damages and for the loss of his quality of life and for emotional distress, including but not limited to post-traumatic stress syndrome. Further, Mr. Longoria seeks damages as allowed pursuant to 42 U.S.C. §§1983 and 1988, for his damages and for attorney fees and costs and for any and all other relief this Court deems just and proper.

PLAINTIFF REQUESTS A TRIAL BY JURY

RESPECTFULLY SUBMITTED,

THE LAW OFFICES OF DAVID C. JAPHA, P.C.

S/ David C. Japha

_____
by David C. Japha
950 South Cherry Street, Ste. 912
Denver, CO 80246
(303) 964-9500
Fax: 1-866- 260-7454
email: davidjapha@japhalaw.com
Attorney for the Plaintiff Ysidro Longoria

The plaintiff's address: c/o David C. Japha, Atty at Law
The Law Offices of David C. Japha, P.C.
950 S. Cherry Street, Ste. 912
Denver, CO 80246
(303) 964-9500