IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00302-PAB-MJW

YSIDRO LONGORIA,

     Plaintiff,

v.

CORRECTIONS CORPORATION OF AMERICA,
CORRECTIONS OFFICER (C.O.) DENNIS KASTELIC, in his individually capacity and as an employee of CCA,
C.O. G. CARDENAS, in his individual capacity and as an employee of CCA,
C.O. MATTHEW DOTTER, in his individual capacity and as an employee of CCA,
C.O. ANDREWS LOPEZ, in his individual capacity and as an employee of CCA,
C.O. GLENDA LUCERO, in her individual capacity and as an employee of CCA,
C.O. LINDA BRADFORD, in her individual capacity and as an employee of CCA,
C.O. BRANDON FLOREZ, in his individual capacity and as an employee of CCA,
C.O. ANTHONY ROMERO, in his individual capacity and as an employee of CCA,
C.O. ROSEANN JARAMILLO, in her individual capacity and as an employee of CCA,
C.O. TIFFANY MAREZ, in her individual capacity and as an employee of CCA,
C.O DAVID LAMBERT, in his individual capacity and as an employee of CCA,
C.O. STEVE MEDINA, in his individual capacity and as an employee of CCA, and
C.O. CHIEF LISA FELLHAUER, in her individual capacity and as an employee of CCA,

     Defendants.

_____

**ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT
AND DEMAND FOR JURY TRIAL FROM CCA DEFENDANTS**
_____

     Defendants Corrections Corporation of America, Dennis Kastelic, Glenda Lucero, Brandon Florez, Anthony Romero, Roseann Jaramillo, Tiffany Marez, David Lambert and Steve Medina (collectively "CCA Defendants"), by and through their counsel, Andrew D. Ringel, Esq. and Edmund M. Kennedy, Esq., of Hall & Evans, L.L.C., hereby respectfully submit this Answer to Plaintiff's Second Amended Complaint and Demand for Jury Trial, as follows:

## PARTIES, JURISDICTION AND VENUE

1.     CCA Defendants admit Plaintiff Ysidro Longoria was previously incarcerated at the Crowley County Correctional Facility ("CCCF").  Defendants deny all of the remaining allegations contained in paragraph 1 of Plaintiff's Second Amended Complaint.

2.     CCA Defendants admit Plaintiff was incarcerated at Arkansas Valley Correctional Facility ("AVCF") following his incarceration at CCCF.  CCA Defendants deny all of the remaining allegations contained in paragraph 2 of Plaintiff's Second Amended Complaint.

3.     CCA Defendants are without sufficient knowledge or information as to the truth of the allegations contained in paragraph 3 of Plaintiff's Second Amended Complaint and therefore deny same.

4.     CCA Defendants are without sufficient knowledge or information as to the truth of the allegations contained in paragraph 4 of Plaintiff's Second Amended Complaint and therefore deny same.

5.     CCA Defendants admit Corrections Corporation of America ("CCA") is a private corporation that owns and operates prisons and other correctional facilities in the United States.  CCA Defendants admit CCA has a registered agent for service of process in Denver, Colorado.  CCA Defendants deny all of the remaining allegations contained in paragraph 5 of Plaintiff's Second Amended Complaint.

6.      CCA Defendants admit CCA operates CCCF and operated CCCF during the time Plaintiff was incarcerated at CCCF.  CCA Defendants deny all of the remaining allegations contained in paragraph 6 of Plaintiff's Second Amended Complaint.

7.      CCA Defendants admit Dennis Kastelic, Gonzalo Cardenas-Garcia, Matthew Dotter, Andres Lopez, Glenda Lucero, Linda Bradford, Brandon Florez, Anthony Romero, Roseann Jaramillo, Tiffany Marez, David Lambert, Steve Medina and Lisa Fellhauer were employed by CCA and worked at CCCF during at least some of the time Plaintiff was incarcerated at CCCF.  CCA Defendants state any constitutional or common law duty on the CCA Defendants represents a question of law and does not require a response from the CCA Defendants.  To any extent a response is required of CCA Defendants, all such allegations are denied.  CCA Defendants deny all of the remaining allegations contained in paragraph 7 of Plaintiff's Second Amended Complaint.

8.      CCA Defendants admit this Court possesses subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  CCA Defendants deny all of the remaining allegations contained in paragraph 8 of Plaintiff's Second Amended Complaint.

## GENERAL ALLEGATIONS

9.      CCA Defendants incorporate by reference all of their responses to paragraphs 1-8 above as their response to the allegations contained in paragraph 9 of Plaintiff's Second Amended Complaint.

10.     CCA Defendants admit upon information and belief that Plaintiff was convicted of a sexual offense and imprisoned as a result of that conviction.  CCA

Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 10 of Plaintiff's Second Amended Complaint and therefore deny same.

11.     CCA Defendants admit Plaintiff was assaulted by an inmate named Franco Manuel on February 13, 2013.  CCA Defendants deny all of the remaining allegations contained in paragraph 11 of Plaintiff's Second Amended Complaint.

12.     CCA Defendants admit Plaintiff was assaulted by Mr. Manuel on February 13, 2013, in Unit 1, B Pod of CCCF.  CCA Defendants deny all of the remaining allegations contained in paragraph 12 of Plaintiff's Second Amended Complaint.

13.     CCA Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Second Amended Complaint and therefore deny same.

14.     CCA Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Second Amended Complaint and therefore deny same.

15.     CCA Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15 of Plaintiff's Second Amended Complaint and therefore deny same.

16.     CCA Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Second Amended Complaint and therefore deny same.

17.     CCA Defendants deny all of the allegations contained in paragraph 17 of Plaintiff's Second Amended Complaint.

18.     CCA Defendants deny all of the allegations contained in paragraph 18 of Plaintiff's Second Amended Complaint.

19.     CCA Defendants deny all of the allegations contained in paragraph 19 of Plaintiff's Second Amended Complaint.

20.     CCA Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20 of Plaintiff's Second Amended Complaint and therefore deny same.

21.     CCA Defendants deny all of the allegations contained in paragraph 21 of Plaintiff's Second Amended Complaint.

22.     CCA Defendants deny all of the allegations contained in paragraph 22 of Plaintiff's Second Amended Complaint.

23.     CCA Defendants deny all of the allegations contained in paragraph 23 of Plaintiff's Second Amended Complaint.

24.     CCA Defendants deny all of the allegations contained in paragraph 24 of Plaintiff's Second Amended Complaint.

25.     CCA Defendants deny all of the allegations contained in paragraph 25 of Plaintiff's Second Amended Complaint.

26.     CCA Defendants admit Plaintiff was assaulted by Mr. Manuel on February 13, 2013.  CCA Defendants are without sufficient knowledge or information to form a

belief as to the truth of the remaining allegations contained in paragraph 26 of Plaintiff's Second Amended Complaint and therefore deny same.

27.     CCA Defendants admit Plaintiff was assaulted by Mr. Manuel on February 13, 2013.  CCA Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 27 of Plaintiff's Second Amended Complaint and therefore deny same.

28.     CCA Defendants admit Plaintiff was assaulted by Mr. Manuel on February 13, 2013.  CCA Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 28 of Plaintiff's Second Amended Complaint and therefore deny same.

29.     CCA Defendants admit that Defendant Linda Bradford noticed Plaintiff stumbling down the stairs in Unit 1, B Pod of CCCF, approached the Plaintiff, noticed the Plaintiff's head was full of blood, told the Plaintiff to sit down on the stairs, and summoned a medical response.  CCA Defendants deny all of the remaining allegations contained in paragraph 29 of Plaintiff's Second Amended Complaint.

30.     CCA Defendants admit Plaintiff spoke to investigators after the assault on February 13, 2013.  CCA Defendants deny all of the remaining allegations contained in paragraph 30 of Plaintiff's Second Amended Complaint.

31.     CCA Defendants deny all of the allegations contained in paragraph 29 of Plaintiff's Second Amended Complaint.

32.     CCA Defendants admit Mr. Manuel's assault on the Plaintiff was criminally prosecuted as a felony assault by the District Attorney for the Sixteenth Judicial District.

CCA Defendants deny all of the remaining allegations contained in paragraph 32 of Plaintiff's Second Amended Complaint.

33.     CCA Defendants admit Mr. Manuel's assault on the Plaintiff was criminally prosecuted as a felony assault by the District Attorney for the Sixteenth Judicial District. CCA Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 33 of Plaintiff's Second Amended Complaint and therefore deny same.

34.     CCA Defendants state the Plaintiff's medical records in their entirety speak for themselves.  CCA Defendants deny all of the allegations contained in paragraph 34 of Plaintiff's Second Amended Complaint inconsistent therewith.  CCA Defendants deny all of the remaining allegations contained in paragraph 34 of Plaintiff's Second Amended Complaint.

35.      CCA Defendants state the Plaintiff's medical records in their entirety speak for themselves.  CCA Defendants deny all of the allegations contained in paragraph 35 of Plaintiff's Second Amended Complaint inconsistent therewith.  CCA Defendants deny all of the remaining allegations contained in paragraph 35 of Plaintiff's Second Amended Complaint.

36.     CCA Defendants deny all of the allegations contained in paragraph 36 of Plaintiff's Second Amended Complaint.

37.     CCA Defendants deny all of the allegations contained in paragraph 37 of Plaintiff's Second Amended Complaint.

38.     CCA Defendants admit Dennis Kastelic, Gonzalo Cardenas-Garcia, Matthew Dotter, Andres Lopez, Glenda Lucero, Linda Bradford, Brandon Florez, Anthony Romero, Roseann Jaramillo, Tiffany Marez, David Lambert, Steve Medina and Lisa Fellhauer as employees of CCA generally act under color of state law within the scope of their employment with CCA.   CCA Defendants deny all of the remaining allegations contained in paragraph 38 of Plaintiff's Second Amended Complaint.

39.     CCA Defendants deny all of the allegations contained in paragraph 39 of Plaintiff's Second Amended Complaint.

40.     CCA Defendants deny all of the allegations contained in paragraph 40 of Plaintiff's Second Amended Complaint.

CCA Defendants deny all of the allegations following the word "Wherefore" on page 6 of Plaintiff's Second Amended Complaint and that the Plaintiff is entitled to any of the relief requested in the Plaintiff's Second Amended Complaint.

### FIRST CLAIM FOR RELIEF
**(Deprivation of Civil Rights in Violation of 42 U.S.C. § 1983**
**Violation of Plaintiff's Fifth and Eighth Amendment Rights)**

41.     CCA Defendants incorporate by reference all of their responses to paragraphs 1-40 above as their response to the allegations contained in paragraph 41 of Plaintiff's Second Amended Complaint.

42.     CCA Defendants admit Dennis Kastelic, Gonzalo Cardenas-Garcia, Matthew Dotter, Andres Lopez, Glenda Lucero, Linda Bradford, Brandon Florez, Anthony Romero, Roseann Jaramillo, Tiffany Marez, David Lambert, Steve Medina and Lisa Fellhauer as employees of CCA generally act under color of state law within the scope of

their employment with CCA.  CCA Defendants deny all of the remaining allegations contained in paragraph 42 of Plaintiff's Second Amended Complaint.

43.     CCA Defendants deny all of the allegations contained in paragraph 43 of Plaintiff's Second Amended Complaint.

44.     CCA Defendants deny all of the allegations contained in paragraph 44 of Plaintiff's Second Amended Complaint.

45.     CCA Defendants deny all of the allegations contained in paragraph 45 of Plaintiff's Second Amended Complaint.

46.     CCA Defendants deny all of the allegations contained in paragraph 46 of Plaintiff's Second Amended Complaint.

47.     CCA Defendants deny all of the allegations contained in paragraph 47 of Plaintiff's Second Amended Complaint.

48.     CCA Defendants deny all of the allegations contained in paragraph 48 of Plaintiff's Second Amended Complaint.

CCA Defendants deny all of the allegations following the word "Wherefore" on page 8 of Plaintiff's Second Amended Complaint and that the Plaintiff is entitled to any of the relief requested in the Plaintiff's Second Amended Complaint.

## SECOND CLAIM FOR RELIEF
### (Negligence)

49.     CCA Defendants incorporate by reference all of their responses to paragraphs 1-48 above as their response to the allegations contained in paragraph 49 of Plaintiff's Second Amended Complaint.

50.     CCA Defendants admit CCA contracts to operate CCCF with the State of Colorado and that CCCF is a private correctional facility.  CCA Defendants deny all of the remaining allegations contained in paragraph 50 of Plaintiff's Second Amended Complaint.

51.     CCA Defendants admit Plaintiff was previously incarcerated at CCCF.  CCA Defendants deny all of the remaining allegations contained in paragraph 51 of Plaintiff's Second Amended Complaint.

52.     CCA Defendants state the question of whether the CCA Defendants owed Plaintiff a legal duty is a question of law and therefore requires no response from the CCA Defendants.  To any extent a response is required, all such allegations are denied.  CCA Defendants deny all of the remaining allegations contained in paragraph 52 of Plaintiff's Second Amended Complaint.

53.     CCA Defendants deny all of the allegations contained in paragraph 53 of Plaintiff's Second Amended Complaint.

54.     CCA Defendants deny all of the allegations contained in paragraph 54 of Plaintiff's Second Amended Complaint.

55.     CCA Defendants deny all of the allegations contained in paragraph 55 of Plaintiff's Second Amended Complaint.

56.     CCA Defendants deny all of the allegations contained in paragraph 56 of Plaintiff's Second Amended Complaint.

57.     CCA Defendants deny all of the allegations contained in paragraph 57 of Plaintiff's Second Amended Complaint.

CCA Defendants deny all of the allegations following the first word "Wherefore" on page 9 of Plaintiff's Second Amended Complaint and that the Plaintiff is entitled to any of the relief requested in the Plaintiff's Second Amended Complaint.

## PRAYER FOR RELIEF

CCA Defendants deny all of the allegations following the second word "Wherefore" on page 9 of Plaintiff's Second Amended Complaint or that the Plaintiff is entitled to any of the damages alleged or sought in the Plaintiff's Second Amended Complaint.

## GENERAL DENIAL

CCA Defendants deny each and every allegation contained in Plaintiff's Second Amended Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      Plaintiff's Second Amended Complaint fails to state a claim upon which any relief may be granted against the CCA Defendants.

2.      All or part of Plaintiff's claims do not rise to the level of constitutional violations, sufficient to state a claim upon which relief may be granted.

3.      CCA Defendants' actions were taken for legitimate, nondiscriminatory penological purposes.

4.      The injuries and damages sustained by Plaintiff, in whole or in part, were proximately caused by his own acts or omissions and/or the acts or omissions of third parties over whom the CCA Defendants have no control or right of control.

5.      Plaintiff has failed to mitigate his damages, if any, as required by law.

6.      CCA Defendants never breached any duty owed Plaintiff at any time in the course of his incarceration.

7.      At all times pertinent herein, CCA Defendants acted in accordance with all common law, statutory, regulatory, policy, and constitutional obligations and without any intent to cause Plaintiff any harm.

8.      The Fifth Amendment to the United States Constitution is inapplicable to any of the Plaintiff's claims and the Plaintiff's status as a state prisoner.

9.      Some or all of the Plaintiff's claims are barred and/or limited by the Prison Litigation Reform Act, 42 U.S.C. §§ 1997e *et seq.*

10.     Some or all of the Plaintiff's claims are barred and/or limited by C.R.S. § 13-17.5-102.3.

11.     Plaintiff is not entitled to any of the relief sought in the Second Amended Complaint under any of the theories asserted.

12.     Defendant Corrections Corporation of America may not be held liable on the basis of any vicarious liability or respondeat superior theory for any alleged violation of the United States Constitution.

13.     Some or all of Plaintiff's claims against the individual Defendants fail for a lack of personal participation.

14.     Plaintiff was deprived of no well-settled liberty or property interest and he was afforded all the rights, privileges and immunities guaranteed by the Constitution and no constitutionally protected interested is impugned in relation to any claim of Plaintiff.

15.     CCA Defendants' conduct was, at all times, lawful, justified, and privileged and any actions complained of by Plaintiff in relation to the CCA Defendants were justified by penological reasons.

16.     Plaintiff's injuries and damages, if any, were either pre-existing or not aggravated by any action or omission of or by CCA Defendants, nor were they proximately caused by or related to any act or omission of CCA Defendants.

17.     CCA Defendants have designated non-parties at fault pursuant to C.R.S. § 13-21-111.5.

18.     Plaintiff's claim for non-economic damages, if any, is subject to the limitations set forth in C.R.S. § 13-21-102.5.

19.     Plaintiff's damages, if any, may be subject to offset by virtue of amounts received from other sources pursuant to C.R.S. § 13-21-111.6 and otherwise as provided by law.

20.     Plaintiff was negligent or contributorily negligent and his comparative negligence equals or exceeds the negligence or liability, if any, of the CCA Defendants, and therefore bars or reduces Plaintiff's recovery as provided by law.

21.     Some or all of the Plaintiff's claims against some or all of the CCA Defendants are barred by the applicable statutes of limitation.

22.     CCA Defendants incorporate herein by reference pursuant to Fed. R. Civ. P. 10(c) all of the applicable defenses and affirmative defenses as pled by any of the other Defendants in this matter.

23.     CCA Defendants specifically reserves the right to amend their Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become non-applicable upon completion of additional discovery.

WHEREFORE, having answered the allegations contained in the Plaintiff's Second Amended Complaint in full, Defendants Corrections Corporation of America, Dennis Kastelic, Glenda Lucero, Brandon Florez, Anthony Romero, Roseann Jaramillo, Tiffany Marez, David Lambert and Steve Medina move the Court for entry of an Order dismissing all elements of all claims against them in complete and total fashion, awarding them costs and attorney's fees, and ordering such other and further relief as the Court deems proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), CCA Defendants hereby demand a trial by jury on all issues so triable.

Dated this 13th day of October, 2015.

Respectfully submitted,

s/ Andrew D. Ringel
Andrew D. Ringel, Esq.
Edmund M. Kennedy, Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Telephone:   (303) 628-3300
Facsimile:     (303) 628-3368
Email: ringela@hallevans.com
          kennedye@hallevans.com
**ATTORNEYS FOR CCA DEFENDANTS**

## **CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on the 13th day of October, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David C. Japha
davidjapha@japhalaw.com

Rachel A. Morris, Esq.
rmorris@wrhlaw.com

William A. Rogers, III, Esq.
wrogers@wrhlaw.com

s/ Nicole Marion, Legal Assistant to
Andrew D. Ringel, Esq.
Edmund M. Kennedy. Esq.
Hall & Evans, L.L.C.
1001 17th Street, Suite 300
Denver, CO 80202
Telephone:   (303) 628-3300
Facsimile:     (303) 628-3368
Email: ringela@hallevans.com
          kennedye@hallevans.com

**ATTORNEYS FOR CCA DEFENDANTS**